J-S47028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN A. KEYS | |
| Appellant | No. 3587 EDA 2016 |

Appeal from the PCRA Order October 14, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1000371-2005

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:            **FILED DECEMBER 05, 2017**

John A. Keys appeals from the October 14, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, and denying his petition for writ of *habeas corpus*.  We affirm.

The PCRA court set forth the factual and procedural history of this case, which we adopt and incorporate herein.  Opinion, 2/7/17, at 1-3 ("1925(a) Op.").

Keys raises the following issues on appeal:

> A. Whether the trial court abused its discretion in dismissing [Keys'] Petition for Writ of Habeas Corpus since he is confined absent a Sentencing Order required by 42 Pa.C.S.A. § 9764(a)(3)?

> B. Whether the trial court erred by denying [Keys'] request for habeas relief stating that he is to receive time credit for

the time he spent in custody prior to the time he was sentenced and the Pennsylvania Department of Corrections is to correct the prison record accordingly?

Keys' Br. at 3.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Further, this Court reviews a trial court's denial of a petition for writ of *habeas corpus* for an abuse of discretion. **Rivera v. Pa. Dep't of Corr.**, 837 A.2d 525, 528 (Pa.Super. 2003).

The PCRA court found as follows: (1) Keys' claim that the trial court erred in calculating his credit for time served is cognizable under the PCRA; Keys' PCRA petition was untimely; and Keys failed to establish any time-bar exception; and (2) Keys' claim for *habeas* relief, based on his assertion that the Department of Corrections lacked the legal authority for his continued detention due to the lack of a written sentencing order, was meritless because the original sentencing order is in the case file and the sentence was accurately reflected on the docket by the Clerk of the Court of Common Pleas. **See** 1925(a) Op. at 3-6. After review of the record, the parties' briefs, and the

relevant law, we affirm on the basis of the well-reasoned opinion of the Honorable Leon W. Tucker, which we adopt and incorporate herein.[1]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2017

---

[1] To the extent Keys claims that the Department of Corrections erred in calculating his sentence, the "appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [Department's] computation." **Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014) (quoting **Commonwealth v. Perry**, 563 A.2d 511, 512-13 (1989)).

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

JOHN KEYS

CP-51-CR-1000371-2005
3587 EDA 2016

## OPINION

## LEON W. TUCKER, J.

This appeal comes before the Superior Court following the dismissal of a Post Conviction Relief Act ("PCRA")[1] petition filed on April 3, 2014. On October 14, 2016, the lower court dismissed the PCRA petition and denied habeas corpus relief for the reasons set forth below.

## I. PROCEDURAL HISTORY

On April 27, 2007, following a jury trial presided over by the Honorable Albert J. Snite, John Keyes (hereinafter referred to as "Petitioner") was convicted of robbery and possessing an instrument of crime. On June 14, 2007, Petitioner was sentenced to twenty-five to fifty years' imprisonment for the robbery conviction and a concurrent term of probation for the remaining charge.[2] Following a direct appeal, Petitioner's judgment of sentence was affirmed by the Superior Court on April 22, 2009.[3] The Pennsylvania Supreme Court denied *allocatur* on October 20, 2009.[4]

CP-51-CR-1000371-2005 Comm. v. Keys, John
Opinion



7899437891

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] Petitioner was sentenced pursuant to the "third strike" mandatory minimum provision, 42 Pa. Cons. Stat. § 9714.
[3] *Commonwealth v. Keys*, 974 A.2d 1185 (Pa. Super. 2009) (unpublished memorandum).
[4] *Commonwealth v. Keys*, 982 A.2d 509 (Pa. 2009).

On January 22, 2010, Petitioner timely filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a *Turner/Finley* no merit letter.[5] On June 8, 2011, the PCRA court issued an order denying the petition and permitted counsel to withdraw. On January 24, 2012, the Superior Court dismissed the associated appeal for failure to file a brief.[6]

On April 3, 2014, Petitioner filed the instant "habeas corpus" collateral petition. Petitioner submitted several supplemental filings seeking both habeas corpus and PCRA relief. Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served notice of the PCRA court's intention to dismiss his petition on July 12, 2016. Petitioner submitted a response to the Rule 907 notice on August 3, 2016. On October 14, 2016, the PCRA court dismissed his petition as untimely and denied habeas corpus relief.[7] On November 8, 2016, the instant notice of appeal was timely filed to the Superior Court.

## II. FACTS

The trial court summarized the evidence adduced at trial as follows:

> On December 24, 2004, at approximately 4:49 p.m., Samantha Bow[i]e was working as a cashier at a Dollar Tree located in Penrose Plaza. Appellant walked into the Dollar Tree with a band-aid on the side of his face and leaves stuck to the back of his hat. He walked down one of the aisles and eventually got in line at Ms. Bow[i]e's cash register. Ms. Bow[i]e noticed Appellant was holding a soda, a note, and a brown bag. Appellant placed the note and the bag on the counter in front of Ms. Bow[i]e's cash register. The note said that there was a bomb in the bag and to give him [(Appellant)] the money. Ms. Bow[i]e also recalled that Appellant started to show her something that looked like the barrel of a gun in his jacket sleeve. Ms. Bow[i]e said that she attempted to stall Appellant, and he told her not to "play with him" and to

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] During the pendency of the appeal, Petitioner prematurely filed a second PCRA petition on January 9, 2012. On March 9, 2012, the PCRA court issued an order dismissing the PCRA petition.

[7] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division as of March 7, 2016, as the trial judge is no longer sitting.

2

"[j]ust give me the money, or I'll kill you." Ms. Bow[i]e grabbed stacks of money out of the register and handed it to Appellant. He then ran out of the store.

Trial Court Opinion, 6/13/08 at 4.

## III. DISCUSSION

### A. Petitioner's habeas corpus petition was reviewed pursuant to the dictates of the PCRA.

With the exception of Petitioner's illegal-detention claim, Petitioner's instant submissions seeking habeas corpus relief fell within the ambit of the PCRA because they raised a claim potentially remediable under it. As iterated by the Superior Court,

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus. Fahy, supra* at 223–224; *Commonwealth v. Chester*, 733 A.2d 1242 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

*Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013).

Here, Petitioner's challenge to the trial court's failure to award time credit implicated the legality of his sentence and was therefore cognizable under the PCRA. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004); *see also* 42 Pa. Cons. Stat. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief."). Thus, this court was constrained to review his claim pursuant to the PCRA's dictates.

### B. Petitioner's current petition was manifestly untimely under the PCRA.

Petitioner's petition was facially untimely under the PCRA. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed

within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3).

Petitioner's judgment of sentence became final for purposes of the PCRA on April 18, 2009, ninety days after the Pennsylvania Supreme Court denied allowance of appeal and the time for filing a petition for writ of *certiorari* in the United States Supreme Court expired. *See id.*; U.S. Sup. Ct. R. 13 (effective January 1, 1990). His current petition, filed on April 3, 2014, was therefore untimely by approximately four years. *See* 42 Pa. Cons. Stat. § 9545(b)(1).

## C. Petitioner was not eligible for a limited timeliness exception under 42 Pa. Cons. Stat. § 9545 (b)(1)(i)-(iii).

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time-bar under subsections 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i)-(iii).

Although Petitioner acknowledged the PCRA's time-bar, he claimed that his petition is exempt from its mandate because his judgment of sentence never became final. *See* PCRA

4

petition, 4/3/14 at 5. Petitioner argued specifically that the unlawfulness of his sentence forestalled the attachment of finality. *Id.* Petitioner's failure to cite any persuasive legal authority notwithstanding, the PCRA's section regarding judgment finality does not incorporate a sentence-propriety provision. *See* 42 Pa.C.S. § 9545. Ultimately, Petitioner's bald repudiation of the PCRA's time-bar did not permit its circumvention. Thus, Petitioner failed to plead and prove an exception to the statutory time-bar.

### D. Petitioner was not entitled to habeas corpus relief based upon the Department of Corrections' lack of a written sentencing order.

The PCRA court did, however, evaluate Petitioner's claim that the Department of Corrections ("DOC") lacked legal authority for his continued detention due to the lack of a written sentencing order, in contravention of 42 Pa. Cons. Stat. § 9764(a)(8) (relating to information required upon commitment and subsequent disposition), and 37 Pa. Code § 91.3 (reception of inmates). *See Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014) (concluding that the PCRA did not subsume an illegal-sentence claim based on the inability of the DOC to produce a written sentencing order). Upon review, the Honorable Albert J. Snite, Jr., entered sentencing orders in this matter on June 14, 2007. The original orders are being maintained as a part of Petitioner's case file. Additionally, upon reviewing the criminal docket through the Common Pleas Case Management System, Petitioner's sentence was accurately docketed by the Clerk of Courts of this court. The Superior Court of Pennsylvania has held that even when the DOC lacks possession of a written sentencing order, it has continuing authority to detain a prisoner. *Id.* at 372.

### IV. CONCLUSION

This court has once again evaluated a collateral petition filed by Mr. Keys. Petitioner failed to meet his burden of proving an exception to the PCRA's statutory time-bar. Additionally,

5

Petitioner's claim that he is being unlawfully detained by the DOC is meritless. Accordingly, for the reasons stated herein, the decision of the court dismissing the PCRA petition and denying habeas corpus relief should be affirmed.

BY THE COURT:

LEON W. TUCKER, J. /NV